PEOPLE *v.* LEE.

1. CRIMINAL LAW—ARRAIGNMENT—PLEA OF GUILTY—REASONABLE DOUBT—APPOINTMENT OF COUNSEL.

  A trial court is not required to stop the proceeding and appoint counsel to represent a defendant who, following a plea of guilty, indicates that he does not understand the term "reasonable doubt", where the defendant has intelligently and knowingly waived his right to counsel, since defendant's failure to understand the meaning of the term does not show a lack of understanding in waiving counsel.

2. SAME—ESCAPE—ARRAIGNMENT—PLEA OF GUILTY—REASONABLE DOUBT—WAIVER OF COUNSEL.

  Claim of defendant, convicted on a plea of guilty, of leaving a prison without being discharged by due process of law, that his conviction must be reversed because the trial court explained to defendant the meaning of the term "reasonable doubt", rather than stopping the proceedings and appointing counsel for him, after defendant had indicated a lack of understanding of the term, *held*, without merit, where the record reveals that defendant knowingly and intelligently waived his right to counsel, and the court fully and adequately explained the meaning of "reasonable doubt" to defendant, since the argument that he failed to understand the meaning of the term "reasonable doubt" was not related to his waiver of counsel (CLS 1961, § 750.193).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 309 *et seq.*

Appeal from Ionia; Bebeau (Leo B.), J.  Submitted Division 3 June 6, 1967, at Grand Rapids. (Docket No. 3,210.)  Decided December 4, 1967.

Ronald E. Lee was convicted on a plea of guilty of leaving prison without being discharged by due process of law.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Walter M. Marks,* Prosecuting Attorney, for the people.

*John P. O'Keeffe,* for defendant.

Burns, J.  Defendant, an inmate at the Michigan reformatory in Ionia, pleaded guilty to leaving the prison without being discharged by due process of law.  CLS 1961, § 750.193 (Stat Ann 1962 Rev § 28.390).  Defense counsel's statement of the questions involved sufficiently serves the dual function of setting forth the necessary facts and the issue of law:

"When at his arraignment an indigent defendant-appellant states that he does not want the services of an attorney, but indicates through questioning that he does not understand the meaning in effect of 'reasonable doubt', are the due process and equal protection clauses of the State and Federal Constitutions satisfied, when the trial judge explains the term to him, or is it incumbent upon the trial judge under such circumstances to appoint an attorney to represent the defendant-appellant?"

It is defendant's sole contention that during arraignment when he indicated he did not understand the term "reasonable doubt", the trial judge should have stopped the proceeding and appointed an attorney to represent him.  In support of this

claim defendant cites *People* v. *Whitsitt* (1962), 366 Mich 609. The *Whitsitt Case* is not controlling because, unlike the situation in the *Whitsitt Case*, the record in the present case reveals that the defendant intelligently and understandingly waived assistance of counsel. The argument that a failure to comprehend the words "reasonable doubt" relates to defendant's lack of understanding in waiving counsel is without merit. The circumstances of this case show that defendant's rights were fairly protected without counsel.

Affirmed.

HOLBROOK, P. J., and WISE, J., concurred.